UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN RE: KUGEL MESH HERNIA          :
REPAIR PATCH LITIGATION           :          MDL Docket No. 07-1842ML

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

Pending before the Court are Motions for Admission <u>Pro Hac Vice</u> of Attorneys Michael Miller and David Dickens as Plaintiffs' counsel in sixty-six of the Kugel Mesh cases pending in this District.[1] These Motions were all filed by Attorney Neville Bedford who is acting as local counsel in these cases. Chief Judge Lisi referred these Motions to me pursuant to 28 U.S.C. § 636(b)(1)(B) for preliminary review, findings and recommended disposition. In connection with that referral, I sent a letter to Attorney Miller on July 28, 2011 seeking further information and documentation. Attorney Miller submitted a timely response to me on August 15, 2011. My letter and Attorney Miller's response are appended to this Report and Recommendation as Exhibits B and C, respectively, and incorporated by reference.

**Background**

These Motions were prompted by the death of Attorney David Andersen. Attorney Andersen had previously been admitted <u>pro hac vice</u> to represent the Plaintiffs in these sixty-six Kugel Mesh cases. Attorney Andersen was an experienced trial attorney with The Miller Firm LLC located in Orange, Virginia. The current applicants for <u>pro hac vice</u> admission to succeed

---

[1] A list of the cases subject to this Report and Recommendation is appended as Exhibit A.

Attorney Andersen are also with The Miller Firm. Attorney Michael Miller is the principal of the Firm, and Attorney David Dickens is an associate with the Firm.[2]

This review was prompted by Attorney Miller's disclosure on his pro hac vice Application that he received a public reprimand in Mississippi in 2003 related to the unauthorized practice of law and related, reciprocal reprimands in Virginia and Maryland in 2005.

Attorney Miller is licensed to practice in Virginia, Maryland, Pennsylvania and the District of Columbia. He has been a licensed attorney in Virginia since 1979. He has also been admitted to practice before the Federal Court in the District of Columbia, the Eastern District of Virginia, the District of Maryland and the Eastern District of Pennsylvania. He represents that he has served as a member of the Plaintiffs' Steering Committees in the In re Zyprexa Products Liability Litigation, MDL No. 1:04-md-01596-JBW-RLM (E.D.N.Y.), the In re Viagra Products Liability Litigation, MDL No. 0:06-md-01724-PAM (D. Minn.), and the In re Avandia Marketing, Sales Practices and Products Liability Litigation, 07-md-01871-CMR (E.D. Pa.). (See Exhibit C, Attachments 5, 6 and 9). Attorney Miller also represents that he has been admitted pro hac vice in other state and federal cases and that he has never been denied pro hac vice admission other than in the Mississippi case which is discussed below.

---

[2] Attorney Dickens' Application indicates that he was admitted to the Virginia Bar in 2006 and to practice before the Eastern District of Virginia in 2008. He did not disclose any prior discipline or other circumstances warranting further investigation. However, if Attorney Miller is denied pro hac vice admission in these cases, there would be a question as to Attorney Dickens' qualification to independently handle these cases, given their number and complexity, which would have to be reviewed. See Local Rule Gen. 204(b)(2). Attorney Dickens appears to have only a few years' experience in practice according to both his Application and his biography on The Miller Firm website.

The Mississippi situation was the subject of an en banc 5-4 decision by the Mississippi Supreme Court in 2002, In re Edward A. Williamson and Michael J. Miller, 838 So.2d 226 (Miss. 2002), and the filing of an unsuccessful petition for writ of certiorari with the U.S. Supreme Court Miller v. McMillin, 540 U.S. 821 (2003). It arose out of a medical malpractice action which "came directly to Miller's office by way of a 1-800 number advertised in Mississippi." 838 So.2d at 235. A local attorney filed the Complaint in Mississippi Circuit Court under his signature but Attorney Miller's name, office address and D.C. Bar number were typed under the local attorney's signature and information. Id. at 230. After defense counsel accused Attorney Miller of unauthorized practice of law, local counsel filed a Motion for Attorney Miller's pro hac vice admission. On September 12, 2000, the Circuit Judge denied the pro hac vice Motion because Attorney Miller had appeared in more than five cases as pro hac vice counsel during the preceding twelve months and thus had violated Miss. Rule of Appellate Procedure 46(b) and engaged in the unauthorized practice of law.

In addition to denying Attorney Miller's request for pro hac vice admission, the Circuit Court found him in contempt for making "false representations to the court in the affidavits," "blatantly and willfully disobey[ing] the court's order barring his participation at the deposition [of the defendant doctor] by writing down questions and handing them to [local counsel],"[3] and "repeatedly misspell[ing] the name of the defendant in [a prior] case, making it difficult for the circuit court to ascertain the correct facts" as to Attorney Miller's prior involvement in Mississippi cases. 838 So.2d at 233.

---

[3] The specific circumstances of the deposition are set forth in the Supreme Court's decision at 838 So.2d at 232-233.

The Supreme Court affirmed the denial of Attorney Miller's request for pro hac vice admission. It concluded that the totality of Attorney Miller's involvement with Mississippi cases constituted the unauthorized practice of law. Id. at 237. It relied upon a combination of factors including the facts that Attorney Miller "procured clients in this state, investigated their claims, consulted with local counsel, and allowed his name to be placed on the pleadings in those cases." Id. at 238. The Supreme Court found that "[a]ll of these combined actions go beyond merely referring clients to other counsel or merely serving in an advisory capacity." Id.

As to the contempt finding, the Supreme Court reversed. It did not address the substance of the Circuit Court's findings. Rather, it concluded that Attorney Miller's local counsel was not given notice that he might also be the subject of a contempt finding and thus he was denied due process. Id. Also, the Supreme Court concluded that, since the issue involved criminal contempt and the Circuit Judge had personal involvement, he was required to recuse as to both Attorney Miller and the local counsel. Id. Thus, the Supreme Court reversed the Circuit Court's judgments of contempt and remanded for a new hearing on the Motion for Contempt. Id.[4] It also referred a copy of its opinion to the Mississippi Bar. Id.

On July 24, 2003, the Committee on Professional Responsibility of the Mississippi Bar found that Attorney Miller engaged in the unauthorized practice of law in Mississippi and issued a public reprimand. Subsequently, Attorney Miller was reciprocally reprimanded in 2005 by the Maryland and Virginia Bars for the same finding that he engaged in the unauthorized practice of law in Mississippi.

---

[4] In his Affidavit, Attorney Miller indicates that "[t]he Chief Judge of the District, when the matter was remanded, elected not to proceed with any further action on the reversed contempt issue."

**Discussion**

It is well settled that "[t]he decision to grant or deny a motion for <u>pro hac vice</u> admission is a matter within the discretion of the Court." <u>Kampitch v. Lach</u>, 405 F. Supp. 2d 210, 215 (D.R.I. 2005). Such admission is "considered a privilege and not a right." <u>Id.</u> at 214. Under Local Rule Gen. 204(b), an applicant for <u>pro hac vice</u> admission must (1) "[b]e a member in good standing of the bar of another state and another federal district court and the bar in every jurisdiction in which the attorney has been admitted to practice;" and (2) "[e]stablish, to the satisfaction of this Court, that he or she is of good moral character and otherwise qualified and fit to be admitted <u>pro hac vice</u> before this Court." "The district judge to whom a case has been assigned shall have discretion to grant or deny motions for admission <u>pro hac vice</u> based upon the applicant's qualifications, character, past conduct and any other factors that bear on the applicant's fitness to practice in this Court." Local Rule Gen. 204(f)(1).

Here, Attorney Miller does not report any disciplinary findings or <u>pro hac vice</u> denials other than the Mississippi situation. Although the allegations which resulted in the contempt finding are very troubling (particularly the alleged defiance of the Circuit Court's order not to participate in the deposition), the contempt finding was reversed on substantive grounds related to the conduct of the hearing. In particular, the Supreme Court noted a due process violation arising out of lack of notice to Attorney Miller's local counsel and the improper involvement of the trial judge in the contempt hearing. Since the contempt issues were never the subject of a subsequent hearing on remand, it would be inappropriate to rely on the reversed contempt findings as grounds for denial of <u>pro hac vice</u> status in this case. As to the unauthorized practice

finding, it apparently was not a crystal clear violation since four justices of the Mississippi Supreme Court dissented from the finding.  See In re Williamson and Miller, 838 So.2d at 238.[5] While Attorney Miller's business practices in Mississippi placed him at risk of an unauthorized practice finding, I do not believe that such finding should result in denial of pro hac vice privileges in this case.

First, it appears that the Mississippi occurrence was a one-time transgression, and Attorney Miller does not report any other disciplinary violations.  Second, this prior discipline has not caused other courts to deny pro hac vice admission to Attorney Miller and he has since been appointed to the Steering Committee in other MDL cases.  Third, and most importantly, the denial of pro hac vice admission to Attorney Miller could substantially prejudice the Plaintiffs in these sixty-six cases.  These pending pro hac vice motions were triggered by Attorney Andersen's unexpected death.  This MDL is entering the trial/settlement phase, and the denial of pro hac vice privileges to Attorney Miller could present a hardship to the Plaintiffs in these sixty-six cases at this late stage.  Further, it appears that Attorney Bedford's role has been limited to that of local counsel and that Attorney Dickens does not have the depth of experience to step in as lead counsel in these cases.

In recommending that Attorney Miller be granted pro hac vice status, I am in no way condoning or minimizing the activity which originally resulted in the Circuit Court contempt finding and ultimately the reprimand due to the unauthorized practice of law.  These issues are

---

[5] In dissent, Justice McRae observed that Attorney Miller was "subjected to an ad hoc decision-making process, for which no legal foundation exists" and "to rules that are not crystal clear." 838 So.2d at 239. (emphasis in original). He contended that the majority held Attorney Miller "to a standard that did not exist, and worse appears to hold him guilty of violating it." Id. (emphasis in original).

serious, and the allegations are troubling, particularly in connection with Attorney Miller's alleged behavior at the deposition. He is advised that this Court does not tolerate unethical or unprofessional conduct and that any such conduct on Attorney Miller's part will result in the initiation of proceedings to revoke his pro hac vice privileges and, if warranted, a referral to bar disciplinary authorities.[6]

**Conclusion**

For the foregoing reasons, I recommend that the pending Motions for Admission Pro Hac Vice of Attorneys Michael Miller and David Dickens be GRANTED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 6, 2011

---

[6] Attorney Miller was also asked to address certain statements on his firm's website about requesting trial dates in these cases. The summary "Kugel Mesh Patch Update" on the website is, at best, poorly worded and, at worst, overstates The Miller Firm's role in this MDL and the directness of the firm's attempts to secure trial dates. However, Attorney Miller's response is deemed satisfactory since the substance of the update (the desire to secure trial dates) appears to be at least generally accurate. In the future, Attorney Miller and his firm are advised to be more precise in the wording used to communicate updates to the Plaintiffs in these cases to avoid any risk of misleading them as to the status of these important cases.

# EXHIBIT A

In re Kugel Mesh Hernia Repair Patch Litigation
MDL Docket No. 07-1842ML

| Case Number | Case Name |
| --- | --- |
| CA07-469ML | McCartney v. Davol |
| CA07-470ML | Ellington v. Davol |
| CA07-471ML | Knight v. Davol |
| CA08-203ML | Pont v. Davol |
| CA08-204ML | Pole v. Davol |
| CA08-283ML | Martinez v. Davol |
| CA08-284ML | Jacques v. Davol |
| CA08-293ML | Difate v. Davol |
| CA08-294ML | Shirley v. Davol |
| CA08-295ML | Taylor v. Davol |
| CA08-296ML | Mobley v. Davol |
| CA08-312ML | Santucci v. Davol |
| CA08-315ML | Wilhite v. Davol |
| CA08-318ML | Collins v. Davol |
| CA08-367ML | Kaplan v. Davol |
| CA08-382ML | Smith v. Davol |
| CA08-387ML | Rose v. Davol |
| CA08-448ML | Harrington v. Davol |
| CA08-449ML | Kenady v. Davol |
| CA08-450ML | Doss v. Davol |
| CA08-451ML | Haley v. Davol |
| CA08-522ML | Morgan v. Davol |
| CA08-523ML | Dodds v. Davol |
| CA08-524ML | Boggs v. Davol |
| CA08-525ML | Jones v. Davol |
| CA08-526ML | Carter v. Davol |
| CA08-2401ML | Hendricks v. Davol |
| CA08-2527ML | Dimmock v. Davol |
| CA09-092ML | Bryant v. Davol |
| CA09-454ML | Barley v. Davol |
| CA09-455ML | Stone v. Davol |
| CA09-487ML | Phillips v. Davol |
| CA09-488ML | Jones v. Davol |
| CA09-489ML | Bedford v. Davol |
| CA09-490ML | Johnson v. Davol |
| CA09-491ML | Lopez v. Davol |
| CA09-492ML | Trepod v. Davol |
| CA09-594ML | Capobianco v. Davol |
| CA09-604ML | Beaty v. Davol |
| CA09-613ML | Walker v. Davol |
| CA09-623ML | Allen v. Davol |
| CA09-624ML | Walker v. Davol |
| CA09-625ML | Novak v. Davol |
| CA09-626ML | Peeples v. Davol |
| CA09-627ML | Campbell v. Davol |
| CA09-629ML | Van Note v. Davol |
| CA09-630ML | Denning v. Davol |
| CA09-2964ML | Stanford v. Davol |
| CA10-032ML | Karjian v. Davol |
| CA10-047ML | White v. Davol |
| CA10-060ML | Cox v. Davol |

| CA10-081ML | Spruyt v. Davol |
| CA10-082ML | Honiotes v. Davol |
| CA10-083ML | Hambline v. Davol |
| CA10-084ML | Banks v. Davol |
| CA10-085ML | McQuay v. Davol |
| CA10-086ML | Lincoln-Evans v. Davol |
| CA10-135ML | Sprouse v. Davol |
| CA10-145ML | Bailey v. Davol |
| CA10-146ML | Wamslaey v. Davol |
| CA10-150ML | Moore v. Davol |
| CA10-151ML | LaPointe v. Davol |
| CA10-340ML | Bond v. Davol |
| CA10-341ML | Hurston v. Davol |
| CA10-348ML | Peterson v. Davol |
| CA10-349ML | Gillard v. Davol |
| CA10-3228ML | Sherrill v. Davol |
| CA10-3360ML | Seal v. Davol |

# EXHIBIT B

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND
JOHN O. PASTORE FEDERAL BUILDING
PROVIDENCE, RHODE ISLAND 02903-1779

TEL: (401) 752-7160

FAX: (401) 752-7166

LINCOLN D. ALMOND
UNITED STATES
MAGISTRATE JUDGE

VIA TELECOPY and REGULAR MAIL

July 28, 2011

Michael J. Miller, Esquire
The Miller Firm, LLC
108 Railroad Avenue
Orange, VA 22960

Re:    In re Kugel Mesh Hernia Repair Patch Litigation
       MDL No. 07-1842ML

Dear Mr. Miller:

As you may be aware, Chief Judge Lisi recently referred the pending Applications for Pro Hac Vice
Admission, filed on your behalf and the behalf of your associate, Mr. Dickens, in sixty-six (66) of
these Kugel Mesh cases, to me for a report and recommendation.  In connection with my review of
these Applications, I have a couple of questions and requests.

First, please provide me with copies of the public reprimand issued against you in Mississippi in
2003 and the reciprocal reprimands issued against you in Virginia and Maryland in 2005, as well as
any related Orders issued by those bar/disciplinary bodies.

Second, please provide a complete listing of all federal courts to which you are admitted to practice,[1]
and those federal courts in which you have been admitted pro hac vice in the past five (5) years.

Third, other than the Mississippi case from 2002, please advise if any other court has ever denied
pro hac vice admission to you and, if so, provide details as to the case and the basis for denial.

Finally, I reviewed the "Kugel Mesh Patch Update" section on your firm's website.  Please indicate
how and when your firm "asked the trial courts of Rhode Island. .to get us trial dates" and provide

---

[1] Although you answered the question as to federal court admissions on your Application (Question 1(b)), the
response is somewhat ambiguous because the courts identified match the states in which you are admitted, and two of
the states identified (Virginia and Pennsylvania) have multiple federal district courts and the response does not specify
if the admission is in one or all districts in the State.

Michael J. Miller, Esquire
Page 2
July 28, 2011

copies of any papers filed "with the judge asking the federal judge and the state judge in Rhode Island to set these cases for trial."

Thank you for your cooperation.  Please provide the requested information by August 15, 2011 so that I may promptly issue a report and recommendation on the pending Applications.  Thank you for your cooperation.

Sincerely,

Lincoln D. Almond
United States Magistrate Judge


Copy to:       Neville J. Bedford, Esquire

EXHIBIT C

# The Miller Firm LLC

**T R I A L   L A W Y E R S**

Michael J. Miller – VA, MD, DC, PA
Nancy Guy Miller – MS
Bruce D. Burtoff, M.D., J.D. – VA, DC, FL, MS
Peter A. Miller – VA
David J. Dickens – VA
Jeffrey Travers – VA
Kate E. S. Hamilton – VA, DC
Tayjes Shah – PA, NJ
Nathan Cromley – DE, PA, NJ
Julie B. Isen – CA, IL

**The Sherman Building**
**108 Railroad Avenue**
**Orange, Virginia 22960**
Marcia DePalmo Swartz, R.N., MFS
Jennifer Miller, R.N.
Nancy Leftwich, R.N.
Website: Millerfirmllc.com
Telephone: (540) 672-4224
(866) 529-3323
Facsimile: (540) 672-3055

August 15, 2011

## VIA HAND DELIVERY & FEDERAL EXPRESS

The Honorable Lincoln D. Almond
United States Magistrate Judge
United States District Court, District of Rhode Island
John O. Pastore Federal Building
Providence, Rhode Island 02903-1779

    **Re:**   **in re Kugel Mesh Hernia Repair Patch Litigation**
           **MDL No. 07-1842 ML**

Dear Judge Almond:

    The purpose of this correspondence is to respond to your Honor's request embodied in your letter of July 28, 2011. I have enclosed a copy of your letter for the Court's convenience. (Exhibit 1). In your letter, you detailed four specific requests, I will respond to them seriatim.

    First, the Court requested copies of the public reprimand in Mississippi, 2003, together with reciprocal reprimand from Virginia and Maryland in 2005. In response to the Court's request, I enclose the Order from the Circuit Court of LeFlore County, Mississippi dated September 12, 2000 upon which the reprimand was based (Exhibit 2). Additionally, I have attached as Exhibit 3 an Order regarding application of Michael Joseph Miller to take the Mississippi Bar. Unfortunately, I do not have the actual order for reprimand in my possession, however, I have requested a copy from the State Bar of Mississippi and will provide a copy to the Court as soon as it has been received. For your review I have also attached a copy of the Order for the Attorney Grievance Commission of Maryland dated February 23, 2005 (Exhibit 4). I have searched my files and do not have a copy of the reprimand Order from the Virginia State Bar but have requested a copy of the Order and will provide the Court with a copy. I apologize for not requesting these Orders earlier, I returned this weekend from a family vacation and thought these items were in our file.

    The second area of request by the Court concerned a listing of all Federal Courts to which I am admitted to practice. I am licensed and in good standing in the District Court for the District of Columbia; the District Court for the Eastern District of Virginia; the District Court for the District of Maryland; and the District Court for the Eastern District of Pennsylvania. In the last five years I have been admitted to the United States District Court, Eastern District of New York as a member of the Plaintiffs Steering Committee in re Zyprexa Products Liability Litigation, MDL No. 1596 before the Honorable Jack B. Weinstein dated August 21, 2006 (Exhibit 5). I have been admitted to the United States District Court, District of Minnesota as a



# The Miller Firm LLC
## TRIAL LAWYERS

The Honorable Lincoln D. Almond
August 15, 2011
Page 2

member of the Plaintiffs Steering Committee by the Honorable Paul A. Magnuson on June 21, 2006 (Exhibit 6). I have been admitted in the United States District Court for the Southern District of Texas, January 22, 2010 by the Honorable Lee H. Rosenthal in the matter of *Odelia Abecassis, et al v. Oscar S. Wyatt, Jr., et al.* (Exhibit 7). Finally, I was appointed to be a member of the Plaintiffs Steering Committee *In re: Avandia Marketing Sales Practices and Products Liability Litigation* by the Honorable Cynthia M. Rufe April 9, 2008 (Exhibit 8).

Third, the Court asked whether I have been denied Pro Hac Vice admission by any other case and the basis for any such denials. I can represent to the Court that I have never had a denial of Pro Hac Vice other than the Mississippi case. In fact, although I cannot recall the exact case, I have been admitted in Mississippi since this incident. I have also been admitted in New Mexico State Courts and been appointed to the Plaintiffs Steering Committee in the Byetta Litigation before the Honorable Carl West in the Superior Court of California.

Finally, the Court asked about our website and any communications in attempting to get trial dates. Upon receiving the Court's July 28, 2011, we asked a court reporting service to transcribe the message on our Kugel Mesh update for the Court's convenience and for my review, I have attached a copy of that as Exhibit 9. As the Court will recall, Judge Lisi entered Practice and Procedure Order No. 2 which stated in pertinent part that Plaintiffs Counsel could file

> "no motion, request for discovery, or other pre-trial proceeding, should be initiated or filed by any plaintiff except through co-lead counsel, except as may be necessary requested by the Court". PNP Order No. 2, ¶5

In compliance with that Order, our Firm has been asking co-lead Plaintiffs Counsel Don Migliori since January of 2009 to immediately place our cases up for trial. On January 7, 2009, we submitted seven (7) cases to Mr. Migliori requesting that all or any of them be placed on the trial calendar. When our cases were not selected for the trial group, we reiterated to the Steering Committee on August 26, 2009 that we wanted to be included in the process to choose additional trial cases. Again, on September 8, 2009, we emailed Mr. Migliori requesting he make himself available for a phone conference with Peter Miller, Esquire and myself regarding selection of the next trial groups (there was a hearing with the Court the following day). On September 21, 2010, I emailed our local counsel Neville Bedford asking that our case, Plaintiff William Caracciolo, be placed upon the trial docket in the Superior Court of Rhode Island. We reiterated our intention to try William Caracciolo's case in an email to Mr. Migliori. On October 5, 2010 we emailed Mr. Migliori asking him if we can get the ban lifted regarding depositions of non-bellwether explanters. We felt it was critical to begin the depositions on those cases. On November 30, 2010 we emailed Mr. Migliori advising him that we wanted to file a remand motion with the Court to get these cases remanded back to the court wherein the plaintiffs resided. The reason for this request was to get trial dates as soon as possible for each and every client. On June 2, 2011, we emailed Mr. Migliori asking him about the process to apply to be a member of the Steering Committee for the MDL and identifying cases that we wanted to try in both the



# The Miller Firm LLC
## TRIAL LAWYERS

The Honorable Lincoln D. Almond
August 15, 2011
Page 3

Federal and State Court in Rhode Island.   On July 19, 2011 we emailed Mr. Migliori's staff asking that the issue of remand of all plaintiffs' cases and the issue of Mr. Peter Miller's motion to be on the Plaintiffs Steering Committee be added to the agenda for the July 29, 2011 conference before Judge Lisi.

As the Court can see from the above related activity, we have been following the appropriate practice and procedures via order No. 2 to get trial dates as soon as possible for each and every client we represent.   Ultimately, we believe that these cases will need to be remanded to prompt the defendants to meaningful settlement discussions or to see that each plaintiff is given their right to jury trial within a meaningful time.   We look forward to discussing these issues with the Court as appropriate.

Respectfully submitted,

THE MILLER FIRM, LLC

Michael J. Miller

MJM:rmm
Enclosure
cc:   Neville J. Bedford, Esquire
       Don Migliori, Esquire (w/o attachments)

## **Table of Contents**

1.    Court's letter to Michael J. Miller dated 7/28/2011

2.    Order of LeFlore County, Mississippi Court September 12, 2000

3.    Mississippi Bar Order January 24, 2001

4.    Maryland Court of Appeals 23rd day of February 2005

5.    Order of USDC Easter District of New York.

6.    United States District Court – District of Minnesota Plaintiffs Steering Committee

7.    United States District Court , Southern District of Texas Admission Pro Hac Vice

8.    United States District Court, Eastern District of Pennsylvania Plaintiffs Steering Committee

9.    Transcript of Miller Firm Website regarding Kuegal Mesh

# EXHIBIT ONE

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND
JOHN O. PASTORE FEDERAL BUILDING
PROVIDENCE, RHODE ISLAND 02903-1779

TEL: (401) 752-7160

FAX: (401) 752-7166

LINCOLN D. ALMOND
UNITED STATES
MAGISTRATE JUDGE

VIA TELECOPY and REGULAR MAIL

July 28, 2011

Michael J. Miller, Esquire
The Miller Firm, LLC
108 Railroad Avenue
Orange, VA 22960

Re:     in re Kugel Mesh Hernia Repair Patch Litigation
        MDL No. 07-1842ML

Dear Mr. Miller:

As you may be aware, Chief Judge Lisi recently referred the pending Applications for Pro Hac Vice
Admission, filed on your behalf and the behalf of your associate, Mr. Dickens, in sixty-six (66) of
these Kugel Mesh cases, to me for a report and recommendation. In connection with my review of
these Applications, I have a couple of questions and requests.

First, please provide me with copies of the public reprimand issued against you in Mississippi in
2003 and the reciprocal reprimands issued against you in Virginia and Maryland in 2005, as well as
any related Orders issued by those bar/disciplinary bodies.

Second, please provide a complete listing of all federal courts to which you are admitted to practice,[1]
and those federal courts in which you have been admitted pro hac vice in the past five (5) years.

Third, other than the Mississippi case from 2002, please advise if any other court has ever denied
pro hac vice admission to you and, if so, provide details as to the case and the basis for denial.

Finally, I reviewed the "Kugel Mesh Patch Update" section on your firm's website. Please indicate
how and when your firm "asked the trial courts of Rhode Island...to get us trial dates" and provide

---

[1]  Although you answered the question as to federal court admissions on your Application (Question 1(b)), the
response is somewhat ambiguous because the courts identified match the states in which you are admitted, and two of
the states identified (Virginia and Pennsylvania) have multiple federal district courts and the response does not specify
if the admission is in one or all districts in the State.

Michael J. Miller, Esquire
Page 2
July 28, 2011


copies of any papers filed "with the judge asking the federal judge and the state judge in Rhode Island to set these cases for trial."

Thank you for your cooperation. Please provide the requested information by August 15, 2011 so that I may promptly issue a report and recommendation on the pending Applications. Thank you for your cooperation.

Sincerely,

Lincoln D. Almond
United States Magistrate Judge


Copy to:        Neville J. Bedford, Esquire

# EXHIBIT TWO

IN THE CIRCUIT COURT OF LEFLORE COUNTY, MISSISSIPPI

BOBBY G. REED, JR., A MINOR
BY AND THROUGH HIS MOTHER
AND NATURAL GUARDIAN,
TERESA POWELL REED AND                                        PLAINTIFFS
TERESA POWELL REED AND
BOBBY G. REED, SR., INDIVIDUALLY

VS.                                                    CAUSE NO. 20-0042CI

TERRY McMILLIN, M.D.                                           DEFENDANT

## ORDER

**THIS CAUSE** came before the Court on plaintiffs' Motion to allow Honorable Michael J.

Miller to appear before this Court *pro hac vice* in all proceedings pertaining to this cause. Having

ordered that Mr. Miller file a second informational affidavit and after having reviewed and considered

said affidavit along with plaintiffs' motion and defendant's response thereto, this Court finds that Mr.

Miller is in violation of Mississippi Rule of Appellate Procedure 46(b), and he shall not be permitted

to appear before this Court *pro hac vice* in any matters pertaining to this cause.

Rule 46(b)(6)(ii) allows for only five (5) appearances as counsel *pro hac vice* before any court

of this state within a twelve (12) month period. As indicated by Mr. Miller's second informational

affidavit, he has appeared in six different cases during the last twelve months, and the present case

would constitute the seventh. These cases include:

    1).    La'Shantton Morris v. Gerald Rankin, M.D., et al.
            Cause No. 99-0181CI, In the Circuit Court of Warren County,
            Mississippi;

    2).    Edward Jakarrious Williams, et al. v. Carl Reddix, M.D., et al.
            Cause No. 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CIV, In the Circuit Court of the

First Judicial District of Hinds County, Mississippi;

3).   Keyosha Suber, a minor, et al. v. James R. Beckham, M.D.
      In the Circuit Court of Washington County, Mississippi;

4).   Annette Williams v. American Home Products Corporation,
      et al., Cause No. 2000-207, In the Circuit Court of
      Holmes County, Mississippi;

5).   Janice Washington, et al. v. American Home Products Corporation,
      et al., Cause No. 2000-292, In the Circuit Court of Holmes
      County, Mississippi; and

6).   Ruthie Amos, et al. v. American Home Products Corporation, et al.,
      Cause No. 2000-293, In the Circuit Court of Holmes County,
      Mississippi.

In each of the above cases, Mr. Miller's name and address appear on the Complaint. This Court finds that appending your name to pleadings in a cause constitutes an appearance as counsel of record as contemplated by Rule 46. Mr. Miller's violation constitutes the unauthorized practice of law, and this Court shall take such action as is mandated in Rule 46(b)(9)(ii).

It is, therefore:

**ORDERED** that plaintiffs' motion is not well taken and the same is hereby DENIED.

**SO ORDERED AND ADJUDGED** this the 12th day of September, 2000.

FILED

SEP 1 4 2000

TREY EVANS, CIRCUIT CLERK
BY _____ D.C.

_____
CIRCUIT JUDGE

# EXHIBIT THREE

## ORDER REGARDING APPLICATION OF MICHAEL JOSEPH MILLER

THIS DAY there came before the Board for consideration the report of the Committee on Character and Fitness on applicant MICHAEL JOSEPH MILLER, and the Board having considered the report of the Committee and the findings contained therein, and it appearing to the Board that the Circuit Court for the Fourth Judicial District of Mississippi has issued an order finding applicant in violation of M.R.A.P. 46 (dealing with the requirements for *pro hac vice* practice), finding that applicant is practicing law in Mississippi without a license, and has cited applicant for contempt, and it further appearing to the Board that these matters are currently on appeal, it is the opinion of the Board that action on the application of MICHAEL JOSEPH MILLER should be stayed until the aforementioned appeals are completed and the Board is fully advised of their outcome.

IT IS, THEREFORE, HEREBY ORDERED that consideration of the application of MICHAEL JOSEPH MILLER on character and fitness grounds is hereby continued until the Board is fully advised of the outcomes of the appeals of the orders entered by the Circuit Court of the Fourth Judicial District finding applicant to be in contempt, to be practicing law without a license and to have violated M.R.A.P. 46.

IT IS FURTHER ORDERED, that applicant shall supply the Board with copies of the final orders in the above referenced proceedings as soon as they are available.

SO ORDERED, this the 24th day of January, 2001.


MISSISSIPPI BOARD OF BAR ADMISSIONS

# EXHIBIT FOUR

ATTORNEY GRIEVANCE COMMISSION    *    IN THE

OF MARYLAND                      * 

                             *    COURT OF APPEALS

                             *

                             *    OF MARYLAND

      Petitioner               * 

v.                              *    Misc. Docket AG

                             *

MICHAEL J. MILLER           *    No. 13

                             *

                             *    September Term 2004

                             *

      Respondent

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## ORDER

This matter came before the Court on the Joint Petition for Reprimand by Consent

submitted by the Attorney Grievance Commission of Maryland, Petitioner, and Michael J. Miller,

Respondent. The Court having considered the Petition, it is this <u> 23rd </u> day of

<u>February     </u>, 2005,

ORDERED, by the Court of Appeals of Maryland that the Respondent, Michael J. Miller,

be, and he hereby is, reprimanded for his violation of Rule 5.5(a) of the Maryland Rules of

Professional Conduct by engaging in the unauthorized practice of law in Mississippi.

<u>/s/    Irma S. Raker       </u>

Judge

A True copy:

Test: Alexander L. Cummings, Clerk

Court of Appeals of Maryland

By: _Rose Ferri_    Deputy Clerk

# EXHIBIT FIVE

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ AUG 2 1 2006 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------X

MDL No. 1596 (JBW) (RLM)

In re: ZYPREXA
PRODUCTS LIABILITY LITIGATION

-----------------------------------------------X

THIS DOCUMENT RELATES TO:
ALL ACTIONS

-----------------------------------------------X

### AMENDED CASE MANAGEMENT ORDER NO. 19
### (Revised PSC)

**IT IS HEREBY ORDERED THAT:**

1.     On June 1, 2006, the Court instructed Melvyn I. Weiss, Esq., to submit to the Court a revised Plaintiffs Steering Committee ("PSC") and leadership structure. The revised PSC, with certain exceptions, is to consist of attorneys and firms with currently pending cases in this MDL. Accordingly, the Court hereby modifies CMO No. 1 as follows:

2.     The following attorneys shall serve as members of the PSC and are also appointed to the Plaintiffs' Executive Committee:

Melvyn I. Weiss, Chairman
Milberg Weiss Bershad & Schulman LLP
One Pennsylvania Plaza, 49th Floor
New York, NY 10119
Tel: (212) 594-5300
Fax: (212) 868-1229

William M. Audet
Executive Committee
Alexander, Hawes & Audet, LLP
221 Main Street, Ste. 1460
San Francisco, CA 94105
Tel: (415) 982-1776
Fax: (415) 576-1776



Tommy Fibich, Executive Committee
Fibich Hampton & Leebron LLP
1401 McKinney, Ste. 1800
Five Houston Center
Houston, Texas 77010
Tel: (713) 751-0025
Fax: (713) 751-0030

    3.    James M. Shaughnessy of Milberg Weiss Bershad & Schulman LLP shall

be Plaintiff's Liaison Counsel.

    4.    The following firms shall be members of the revised PSC:

H. Blair Hahn
Richardson Patrick Westbrook
  & Brickman, LLC
1037 Chuck Dawley Blvd., Bldg. A
Mount Pleasant, SC 29464
Tel: (843) 216-9212
Fax: (843) 216-9440

Jayne Conroy
Hanly Conroy Bierstein Sheridan
Fisher & Hayes, LLP
112 Madison Avenue
New York, NY 10016
Tel: (212) 784-6400
Fax: (212) 784-6420

Tor A. Hoerman
Simmons Cooper LLC
707 Berkshire
East Alton, IL 62024
Tel: (618) 259-2222
Fax: (618) 216-4020

Michael J. Miller
Miller & Associates
105 N. Alfred Street
Alexandria, VA 22314
Tel: (703) 519-8080
Fax: (703) 519-8084

Michael W. Perrin
Bailey Perrin Bailey LLP
440 Louisiana Street, Ste. 2100
Houston, TX 77002
Tel: (713) 425-7100
Fax: (713) 425-7101

Kathryn S. Harrington
Hollis & Wright, P.C.
1750 Financial Center
505 North 20th Street
Birmingham, AL 35203
Tel: (205) 324-3600
Fax: (205) 324-3636

Nancy Hersh
Hersh & Hersh
601 Van Ness Ave., Ste. 2080
San Francisco, CA 94102
Tel: (415) 441-5544
Fax: (415) 441-7586

Richard Meadow
Lanier Law Firm, PLLC
126 E. 56th St., 6th Floor
New York, NY 10022
Tel: (212) 421-2800
Fax: (212) 421-2878

David Mathews
Abraham, Watkins, Nichols, Sorrels
Matthews & Friend
800 Commerce Street
Houston, TX 77002
Tel: (713) 222-7211
Fax: (713) 225-0827

W. Lewis Garrison, Jr.
Heninger Garrison Davis, LLC
2224 First Avenue North
P.O. Box 11310
Birmingham, AL 35202
Tel: (205) 326-3336
Fax: (205) 326-3332

Tom Sobol
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Fl.
Cambridge, MA 02142
Tel: (617) 482-3700
Fax: (617) 482-3003

W. Todd Harvey
Whatley Drake & Kallas, LLC
2323 2nd Avenue North
Birmingham, AL 35203
Tel. (205) 328-9576
Fax: (205) 328-9669

5.   The above listed PSC members shall replace the PSC members listed in

CMO No. 1. The above listed PSC members shall assume all the duties and

responsibilities set forth in CMO No. 1.

6.   This Order is subject to change and/or modification on motion of any

party, or on the Court's own motion.

SO ORDERED

DATED: ___8/16___, 2006

HONORABLE JACK B. WEINSTEIN
UNITED STATES DISTRICT JUDGE

# EXHIBIT SIX

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

IN RE: VIAGRA PRODUCTS
LIABILITY LITIGATION

MDL DOCKET NO: 1724
Judge Paul A. Magnuson

This document pertains to:
ALL CASES

## MOTION TO APPOINT PLAINTIFFS'
## STEERING COMMITTEE

**NOW INTO COURT**, through undersigned counsel, comes Plaintiffs, who respectfully

requests that this Honorable Court appoint a Plaintiffs' Steering Committee for the reasons more

fully set forth herein, and explained further in the accompanying Memorandum in Support of Motion

to Appoint Plaintiffs' Steering Committee:

1.

The various plaintiffs' counsel in this case and those cases which are similar thereto have met,

conferred and/or communicated on numerous occasions for the purpose of organizing themselves

and coordinating their cases against Defendant, Pfizer, Inc. In light of this cooperation, as well as

the laborious tasks presented by this case, Plaintiffs contend that the appointment of a Plaintiffs'

Steering Committee would facilitate the orderly prosecution of this matter.

1

2.

Plaintiffs thus pray that this Honorable Court appoint a Plaintiffs' Steering Committee

comprised of the following attorneys at law:

DANIEL E. BECNEL, JR.
REBECCA F. TODD
Law Offices of Daniel E. Becnel, Jr.
106 West 7th Street
P. O. Drawer H
Reserve, Louisiana 70084
Telephone: 985-536-1186
Facsimile: 985-536-6445
Emails: dbecnel@becnellaw.com
        rtodd@becnellaw.com
Co-Lead Counsel

RONNIE G. PENTON
Law Offices of Ronnie G. Penton
209 Hoppen Place
Bogalusa, Louisiana 70427
Telephone: 985-732-5651
Facsimile: 985-735-5579
Email: rgp@rgplaw.com
Trial Counsel

CAMILO K. SALAS, III
Salas & Co., L.C.
650 Poydras Street, Suite 1650
New Orleans, Louisiana 70130
Telephone: 504-799-3080
Facsimile: 504-799-3085
Email: csalas@salaslaw.com
Co-Lead Counsel

GREGORY LAWING JONES
Greg Jones & Associates
3015 Market Street
Wilmington, North Carolina 28403
Telephone: 910-251-2240
Facsimile: 910-251-1520
Email: greg@gregjoneslaw.com

RONALD S. GOLDSER
ROBERT R. HOPPER
Zimmermann Reed, P.L.L.P.
Nicollett mall, Suite 501
Minneapolis, Minnesota 55402
Telephone: 612-341-0400
Facsimile: 612-641-0844
Emails: rsg@zimmreed.com
        rrh@zimmreed.com
Co-Liaison Counsel

ZOE B. LITTLEPAGE
Littlepage & Booth
408 Westheimer Road
Houston, Texas 77006
Telephone: 713-529-8000
Facsimile: 713-529-8044
Email: zoe@littlepagebooth.com

W. MICHAEL HINGLE
Hingle & Associates
220 Gause Boulevard
Slidell, Louisiana 70458
Telephone: 985-641-6808
Facsimile: 985-646-1471
Email: paul@hinglelaw.com

JASON MARK, ESQ.
Parker & Waichman, LLP
111 Great Neck Road
Great Neck, New York 11021
Telephone: 516-466-6500
Facsimile: 516-466-6665
Email: jmark@yourlawyer.com

2

MICHAEL C. BRADLEY
THOMAS E. HUTTON
Pittman, Hooks, Dutton, Kirby & Hellums, P.C.
1100 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203-2735
Telephone: 205-322-8880
Facsimile: 205-328-2711
Emails: mikeb@pittmanhooks.com
     tomd@pittmanhooks.com

MICHAEL J. MILLER
BRUCE D. BURTOFF, M.D.
Miller & Associates
105 N. Alfred Street
Alexandria, Virginia 22314
Telephone: 800-822-2525
Facsimile: 703-519-8084
Emails: Miller809@aol.com
     bburtoff@doctoratlaw.com

JOHN F. NEVARES
JOHN F. NEVARES & ASSOCIATES
P.O. Box 13667
San Juan, PR  00908-3667
Telephone: 787-722-9333
Facsimile: 787-721-8820
E-Mail: jfnevares-law@microjuris.com

NEIL D. OVERHOLTZ
Aylstock, Witkin &Sasser, PLC
4400 Bayou Boulevard, Suite 58
Pensacola, Florida 32503
Telephone: 850-916-7450
Facsimile: 850-916-7449
Email: noverholtz@aws-law.com

SHELLY A. SANFORD
Goforth, Lewis, Sanford
2200 Heritage Plaza, 1111 Bagby
Houston, TX 77002
Telephone: 713-650-0022
Facsimile: 713-650-1669
Email: shellysanford@goforthlewis.com

3.

Plaintiffs propose that the purpose and duties of the Plaintiffs' Steering Committee be
defined as follows: To facilitate investigation, secure evidence, conduct motion practice, conduct
discovery, perform case management, trial practice and settlement discussions and to carry out all
other matters necessary for the prosecution of this class action and any other matter which may be
ordered by the Court from time to time or as may develop in the course of these proceedings.

4.

Plaintiffs purpose that the duty and purpose of the Liaison Counsel be defined as follows: to

3

listed individuals to a Plaintiffs' Steering Committee with the duties defined as done so in the instant Motion.

Respectfully submitted,

s/Ronald S. Goldser
ROBERT R. HOPPER
RONALD S. GOLDSER
Zimmermann Reed, PL.L.P.
Nicollett Mall, Suite 501
Minneapolis, Minnesota 55402
Telephone: 612-341-0400
Facsimile: 612-341-0844

## CERTIFICATE OF SERVICE

I HERBY CERTIFY that a copy of the above and foregoing pleadings has been served upon all counsel of record by depositing same in the U. S. Mail, postage prepaid and properly addressed this _21st_ day of June, 2006.

s/Robert R. Hopper
Robert R. Hopper

4

# EXHIBIT SEVEN

UNITED STATES DISTRICT COURT       SOUTHERN DISTRICT OF TEXAS

MOTION AND ORDER
FOR ADMISSION *PRO HAC VICE*

| Division | HOUSTON DIVISION | Case Number | C.A. No. 4:09-cv-03884 |
|---|---|---|---|
| ODELIA ABECASSIS, ET AL. | | | |
| *versus* | | | |
| OSCAR S. WYATT, JR., et al. | | | |

This lawyer, who is admitted to the State Bar of _____ VA, PA, MD, DC _____ :

| Name<br>Firm<br>Street<br>City & Zip Code<br>Telephone<br>Licensed: State & Number<br>Federal Bar & Number | MICHAEL J. MILLER<br>The Miller Firm, LLC<br>108 Railroad Avenue<br>Orange, Virginia  22960<br>540.672.4224<br>VA 19171; PA 95102; MD 33280; DC 397689 |
|---|---|

Seeks to appear as the attorney for this party:

| PLAINTIFFS | |
|---|---|
| Dated:  January 20, 2010 | Signed: |

| COURT USE ONLY; The state bar reports that the applicant's status is: | |
|---|---|
| Dated: _____ | Signed: _____<br>Deputy Clerk |

| Order |
|---|

This lawyer is admitted *pro hac vice*.

Dated: ___1/22/2010___   _____
United States District Judge

# EXHIBIT EIGHT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : : : : | MDL No. 1871 07-md-01871-CMR |
| THIS DOCUMENT APPLIES TO: ALL ACTIONS | : : : : | |

## ORDER

    **AND NOW**, this 9th day of April 2008, having reviewed all applications and interviewed in open court all applicants for appointment to the Plaintiffs Steering Committee, as well as all applicants for the position of Plaintiffs Liaison Counsel in this matter, the Court hereby appoints the following individuals to Plaintiffs Steering Committee Number One:

1. Rachel Abrams, Esq., *Hersh & Hersh*

2. Vance Andrus, Esq., *Vance Andrus, Esq.*

3. Bryan Aylstock, Esq., *Aylstock, Witkin, Kreis & Overholtz*

4. Marc Grossman, Esq., *Sanders Viener Grossman LLP*

5. W. Mark Lanier, Esq., *The Lanier Law Firm*

6. David P. Matthews, Esq., *David Matthews & Associates*

7. Shannon Medley, Esq., *Medley & Sill*

8. Michael J. Miller, Esq., *The Miller Firm*

9. Benedict Morelli, Esq., *Morelli Ratner*

10.  Dianne Nast, Esq., *Roda Nast*

11.  Tracy Rezvani, Esq., *Finkelstein Thompson*

12.  J. Paul Sizemore, Esq., *Girardi Keese*

13.  Fred Thompson, III, Esq., *Motley Rice*

14.  Joseph Zonies, Esq., *Reilly Pozner & Connelly*

The Court reserves an additional two (2) positions for future applications, which may be filled by renewed applications, to be received at a time to be specified.

Moreover, the Court hereby appoints Tom Mellon, Esq., of the firm Mellon, Webster & Shelley, as Plaintiffs Liaison Counsel. All counsel will be guided as to the present responsibilities and authority of the Plaintiffs Steering Committee and Plaintiffs Liaison Counsel by the Case Management Orders in effect in this matter. The Court expects that all counsel will conduct themselves in an appropriate and productive manner to facilitate the efficient functioning of this MDL.

It is so **ORDERED**.

**BY THE COURT:**

/s/ Cynthia M. Rufe

_____

**HON. CYNTHIA M. RUFE**

# EXHIBIT NINE

```
***********************************************************

                      MILLER LAW FIRM

                  CURRENT CASE UPDATES

              KUGEL MESH PATCH UPDATE

***********************************************************
```

TRANSCRIBED BY:  Cavalier Transcription

1           Transcript of the Miller Law Firm

2          Current Case Updates of the Kugel Mesh Patch

3          as found at

4          http://www.millerfirmllc.com/current-case-upda

5          tes/kugel-mesh-patch-update.html on 1 August,

6          2011.

7

8                    * * * * *

9

10                  I N D E X

11

12 Written material on website ................... 3

13 Video -- Kugel Mesh Patch Update - April 2011 .. 5

14

15                    * * * * *

16

17

18

19

20

21

22

23

24

25

1

2

3                       W E B S I T E

4

5

6                   Current Case Updates

7

8              Kugel Mesh Patch Update

9

10              We want to talk to anybody out there

11      who's looking for an attorney in the Kugel

12      Mesh cases to let you know where the

13      litigation stands.

14              Many you have been with us for a long

15      time and are wondering why we haven't gotten

16      trial dates.  We want to promise you we've

17      asked the trial courts of Rhode Island (where

18      most of these cases are filed) to get us trial

19      dates.  Things are starting to move.  We are

20      filing papers with the judge asking the

21      federal judge and the state judge in Rhode

22      Island to set these cases for trial.

23              Meanwhile, we'll keep an open mind to

24      settlement, if and when the company wants to

25      make a fair offer -- period.  Our clients must

Page 4

1      remember that settling first is not always

2      settling best.

3              We will stay in touch with you if and

4      when there are serious settlement discussions,

5      and we will work together toward a fair goal.

6      Either your cases will be tried so you get

7      your justice in front of a jury or, if a fair

8      settlement is offered, your case will be

9      resolved in the settlement process.

10     Understand that we're working very hard to see

11     that your case is developed completely and

12     tried quickly.

13

14 Call us with questions.

15

16              If you have any questions, feel free to

17     give us a call.  We are still accepting Kugel

18     Patch cases under the right circumstances.

19     Feel free to call us on our toll-free line, or

20     fill out our quick contact form.  Thank you

21     very much for your time.

22

23                      * * * * *

24

25

1

2

3                          V I D E O

4           Kugel Mesh Patch Update - April 2011

5

6

7           MR. MILLER:  Hi, I'm Mike Miller.  And

8    I want to take a minute to talk to our current

9    Kugel Mesh Surgical Patch clients, and I want

10   to talk to anybody out there who's looking for

11   an attorney in the Kugel Mesh cases, to let

12   all you folks know where the litigation's --

13   stands right now.

14           I know a lot of you have been with us a

15   long time and are wondering why we haven't

16   gotten trial dates.  I want to promise you

17   we've asked the trial courts of Rhode Island,

18   where most of these cases are filed, to get us

19   trial dates.

20           Things are starting to move.  There

21   will be another trial in a month.  There'll be

22   a trial a month after that.  We are filing

23   papers with the judge asking the federal

24   judge -- and the state judge in Rhode

25   Island -- to set all these cases for trial.

1       Meanwhile, we'll keep an open mind to

2       settlement if and when the company wants to

3       offer fair money -- period.

4       All of our clients must remember

5       settling first is not always settling best.

6       We will stay in touch with you if and

7       when there develops serious settlement

8       discussions.  And we will work together

9       towards a fair goal of you seeing your cases

10      tried so you get your justice in front of a

11      jury or, if a fair settlement is offered, that

12      your case is resolved in the settlement

13      process.

14      Understand we're working very hard to

15      see that your case is developed completely,

16      tried quickly, and, if you have any questions,

17      feel free to give us a call.

18      We are still accepting Kugel Patch

19      cases under the right situations.  Feel free

20      to call us on our toll free line or fill out

21      our quick contact form on our website.

22      Thank you very much for your time.

23

24                  * * * * *

25

1          CERTIFICATE OF TRANSCRIPTIONIST

2             I, CATHY K. LINEBRINK, do hereby

3    certify that I took the written materials of

4    the webpage located at

5    http://www.millerfirmllc.com/current-case-upda

6    tes/kugel-mesh-patch-update.html and an

7    audiofile of the video located on that page

8    and thereafter reduced the same to

9    typewriting; that the foregoing is a true

10   record of said webpage and video to the best

11   of my knowledge and ability; that I am neither

12   counsel for, related to, nor employed by any

13   of the parties to the action in which these

14   proceedings were held; and further, that I am

15   not a relative or employee of any attorney or

16   counsel employed by the parties hereto, nor

17   financially or otherwise interested in the

18   outcome of the action.

19        IN WITNESS WHEREOF, I have hereunto set

20   my hand this 1st day of August, 2011.

21

22

23

24       _____

25           Cathy K. Linebrink